THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:19-cv-00167-MR-WCM

| | |
|---|---|
| RAE PHILLIPS, ) </br> ) </br> Plaintiff, ) </br> ) </br> vs. ) </br> ) </br> ANDREW SAUL, Commissioner of ) </br> Social Security ) </br> ) </br> Defendant. ) </br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Fees Pursuant to the Equal Access to Justice Act. [Doc. 24].

## I. PROCEDURAL HISTORY

The Plaintiff initiated this action on April 4, 2019, seeking review of the denial of her claim for benefits by the Commissioner under the Social Security Act (the "Act"). [Doc. 1]. The Plaintiff's Complaint was filed by George C. Piemonte, an attorney who is licensed to practice in North Carolina and admitted to practice before this Court.

The Commissioner filed an Answer to the Plaintiff's Complaint on June 17, 2019. [Doc. 9]. Thereafter, the parties filed Motions for Summary Judgment and memoranda in support thereof. [Docs. 11, 12, 14, 15].

On April 28, 2020, the Magistrate Judge issued a Memorandum and Recommendation on the parties' Motions for Summary Judgment. [Doc. 19]. On May 12, 2020, the Commissioner filed an objection to the Magistrate Judge's Memorandum and Recommendation. [Doc. 20]. On June 9, 2020, the Court entered an Order overruling the Commissioner's objection, accepting the Magistrate Judge's Memorandum and Recommendation, and remanding the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). [Doc. 22].

On August 11, 2020, the Plaintiff filed a Motion for Fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A). [Doc. 24]. Specifically, the Plaintiff seeks an award in the amount of $10,716.37, representing 52.02 hours of total work performed by her attorneys Denise Sarnoff and George Piemonte at the rate of $206.00. [Docs. 25-2]. On August 25, 2020, the Commissioner filed an opposition to the Plaintiff's request for attorney's fees. [Doc. 22]. On August 31, 2020, the Plaintiff replied. [Doc. 23].

Having been fully briefed, this matter is ripe for disposition.

## II. DISCUSSION

Under the Equal Access to Justice Act ("EAJA"), the Court must award attorney's fees to a prevailing party in a civil action brought against the United

States unless the Court finds that the Government's position was "substantially justified" or that "special circumstances" would make such an award unjust. 28 U.S.C. § 2412(d)(1)(A).[1]

A claimant is not entitled to an award of attorney's fees merely because the Commissioner's decision was reversed due to a lack of substantial evidence. See Strong v. Comm'r of Soc. Sec. Admin., 461 F. App'x 299, 300 (4th Cir. 2012); see also Crawford v. Sullivan, 935 F.2d 655, 657 (4th Cir. 1991) ("the [Commissioner] is not automatically liable for attorney's fees every time he loses the case."). The Commissioner's position may be considered substantially justified as long as "a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." Pierce v. Underwood, 487 U.S. 552, 559 n.2 (1988). In determining whether the Commissioner's position was substantially justified, the Court must consider "the totality of the circumstances." Strong, 461 F. App'x at 300 (quoting Hyatt v. Barnhart, 315 F.3d 239, 244-45 (4th Cir. 2002)). The burden is on the Commissioner to prove that his positions were substantially justified. Crawford, 935 F.2d at 658.

---

[1] Because the Court ordered this case be remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g), the Plaintiff is properly considered a "prevailing party" in this action. See Shalala v. Schaefer, 509 U.S. 292, 302 (1993).

The Plaintiff raised four issues in her Motion for Summary Judgment. First, the Plaintiff argued that the ALJ failed to consider the effects of her obesity. [Doc. 12 at 6-10]. Second, the Plaintiff contended that the ALJ's development of the RFC was not supported by substantial evidence. [Id. at 10-15]. Third, the Plaintiff argued that the ALJ improperly relied on the Plaintiff's noncompliance with treatment recommendations. [Id. at 17-19]. Finally, the Plaintiff argued that the ALJ failed to resolve an apparent conflict between the representative occupations identified by the vocational expert ("VE") and Plaintiff's ability to do simple, routine, and repetitive tasks. [Id. at 19-23]. The Commissioner argued that the ALJ's ruling was correct on each issue and that the Commissioner's position on the issue necessitating remand was substantially justified. [Doc. 26 at 2]. The Plaintiff argues that she is entitled to recover her attorneys' fees because the Commissioner has failed to show that every position, both before the ALJ and before this Court, was substantially justified. [Doc. 27 at 5].

### A. Opposition to the Plaintiff's Second Assignment of Error

The Court concluded that the Plaintiff's second assignment of error was the only one that had merit. [Doc. 19 at 7; Doc. 22]. With regard to that assignment of error, the Court found that the ALJ failed to build a logical bridge from the specific "claimant's testimony" and the "objective medical

4

evidence at the hearing level" that he relied upon when formulating the Plaintiff's RFC and his conclusion that the functional limitations assigned by the agency consultants were not restrictive enough. [Id.]. As such, the flaw in the ALJ's opinion that necessitated remand was that he failed to specifically identify the evidence from the "claimant's testimony" and "objective medical evidence at the hearing level" that led to his conclusion. As the Magistrate Judge noted, that flaw was particularly noteworthy with regard to the claimant's testimony because the ALJ expressed concerns about the Plaintiff's credibility elsewhere in his opinion. [Doc. 19 at 12].

While the Court found that the ALJ's citation to the "claimant's testimony" and "objective medical evidence at the hearing level" was insufficient to build the necessary logical bridge, the Commissioner was substantially justified in relying on the administrative record to contend that the ALJ had provided a sufficient explanation for his conclusions. See Smith v. Heckler, 739 F.2d 144, 147 (4th Cir. 1984) ("The government's position in the district court normally would be substantially justified if, as is usual, the United States attorney does no more than rely on an arguably defensible administrative record.") (citation omitted). Because the ALJ generally cited to the "claimant's testimony" and the "objective medical evidence at the hearing level," the Commissioner had substantial evidence to augment the

5

ALJ's explanation and argue that his order was consistent with applicable case law. The Commissioner's attempt to do so had a reasonable basis in law and fact. Pierce, 487 U.S. at 559 n.2.

Moreover, this case was remanded to the ALJ for further explanation. Where a case is remanded for the ALJ for further inquiry, but the ALJ's decision may not ultimately be affected by the clarification, the Government's position is likely substantially justified. See Goode v. Colvin, No. 1:14-cv-00056-FDW, 2015 WL 1384166, at *2 (W.D.N.C. Mar. 25, 2015) (Whitney, C.J.). Likewise, "the Court expressed no opinion as to the merits of Plaintiff's claim for disability on remand, further indicating that the [Commissioner] was substantially justified in [his] position." Bailey v. Saul, No. 1:17-cv-00326-FDW, 2019 WL 3418456, at *2 (W.D.N.C. July 29, 2019) (Whitney, C.J.).

For these reasons, the Commissioner's opposition to the Plaintiff's second assignment of error was substantially justified.

### B. The Commissioner's Other Positions

The Plaintiff, however, argues that her motion for fees should be granted because the Commissioner has not provided a substantial justification for every position he took during the administrative proceedings and the litigation in this case. While the Plaintiff does not specifically identify any position that was not substantially justified, she broadly argues that the

Commissioner has failed to carry his burden to prove that his positions were substantially justified because he does not provide a justification for every position that he took in this case. [Doc. 27 at 5].

While the Commissioner carries the burden to show that his positions were substantially justified, the Court has discretion to find *sua sponte* "that the record before it demonstrates that substantial justification exists . . . ." Campbell v. Bowen, 800 F.2d 1247, 1249 (4th Cir. 1986); see also Smith v. Saul, No. 5:16-cv-00194-FL, 2020 WL 1695736, at *2 (E.D.N.C. Apr. 7, 2020). Here, the Court concluded that the Plaintiff's first, third, and fourth assignments of error were without merit, thereby demonstrating that the Commissioner was substantially justified in opposing those assignments of error. Further, the Plaintiff's second assignment of error was debatable based on the administrative record, the ALJ's explanation, and the relevant case law, indicating that the Commissioner's opposition to that assignment of error was also substantially justifiable. The Court's careful review of the record does not reveal any other position taken by the Commissioner that lacked a reasonable basis in fact or law. Moreover, while the Commissioner bears the burden of showing that his positions were substantially justified, the Court notes that the Plaintiff does not identify any specific positions that lacked substantial justification.

Having reviewed the positions taken by the Commissioner in the administrative proceedings and this litigation, the Court concludes that those positions were substantially justified. Accordingly, the Plaintiff's Motion for Fees Pursuant to the Equal Access to Justice Act [Doc. 24] will be denied.

## O R D E R

**IT IS, THEREFORE ORDERED** that the Plaintiff's Motion for Fees Pursuant to the Equal Access to Justice Act [Doc. 24] is **DENIED**.

**IT IS SO ORDERED.**

Signed: September 14, 2020

Martin Reidinger
Chief United States District Judge